UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| TIMOTHY WAYNE HOLLINGSWORTH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JASON GABBARD, and ) <br> JOHN DUNN III, ) <br> ) <br> Defendants. ) <br> ) | No. 2:14-CV-174-WOB-HAI <br><br> AMENDED RECOMMENDED <br> DISPOSITION |

\*\*\* \*\*\* \*\*\* \*\*\*

On September 16, 2015, the Court issued a Recommended Disposition addressing Plaintiff's motion for directed verdict (D.E. 53). D.E. 67. Subsequently, Plaintiff filed a reply to Defedants' response to his motion for directed verdict. D.E. 68. The Court issues this Amended Recommended Disposition to consider Plaintiff's newly filed reply. Accordingly, **IT IS HEREBY ORDERED** that the Clerk **SHALL** file this as an Amended Recommended Disposition in place of the one docketed at Docket Entry 67.

Plaintiff, proceeding pro se, filed a motion requesting "that the court award him Directed Verdict in regards to this case[.]" D.E. 53. Plaintiff alleges that Defendants violated his Fourth Amendment rights by accessing his cell phone without a search warrant. *Id.* According to Plaintiff, Defendants used his phone to contact an individual to bring drugs to Plaintiff's hotel room. *Id.* Defendants respond that a motion for directed verdict is procedurally improper at this point in the litigation. D.E. 61. In his supplemental brief Plaintiff does not address the procedural posture of his motion. D.E. 65. Moreover, Plaintiff's reply does not clearly indicate the relief he is requesting. D.E. 68. Plaintiff states that "a motion for summary judgment can be filed at any time after the answer is filed" yet Plaintiff continues to request a directed verdict. *Id.*

Federal Rule of Civil Procedure 50, which allows for a directed verdict, provides that:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>     (A) resolve the issue against the party; and
>     (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). Defendants are correct that Plaintiff is not entitled to the relief he seeks because his motion is procedurally improper. Rule 50 requires that a directed verdict is only proper "[i]f a party has been fully heard on an issue during a jury trial[.]" *Id.* Here, no trial has yet been held. Therefore, Plaintiff's motion is improper.

Accordingly, the Court **RECOMMENDS** that the District Judge **DENY** Plaintiff's motion requesting a directed verdict (D.E. 53). The Court directs the parties to 28 U.S.C. § 636(b)(1) and Rule 72(b) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. Failure to make timely objection, properly raised, consistent with the statute and Rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 22nd day of September, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge