UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| TIMOTHY WAYNE HOLLINGSWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:14-CV-174-WOB-HAI |
| v. ) | |
| ) | |
| JASON GABBARD, and ) | RECOMMENDED DISPOSITION |
| JOHN DUNN III, ) | |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The District Court referred this prisoner civil rights action to the undersigned to issue a recommended disposition on all dispositive motions. D.E. 15. On October 30, 2015, Defendants, through counsel, filed a motion for summary judgment and a supporting memorandum. D.E. 73. Defendants assert that they are entitled to qualified immunity and that Plaintiff has not presented a genuine issue of material fact, which entitles Defendants to judgment as a matter of law. *Id.* Plaintiff, proceeding pro se, filed a response. D.E. 79. On November 19, 2015, Defendants filed a reply. D.E. 80. Having considered the entire record and for the reasons discussed below, the Court **RECOMMENDS** that District Judge Bertelsman **GRANT** Defendants' motion for summary judgment (D.E. 73).

I. Background

On September 25, 2014, Plaintiff Timothy Wayne Hollingsworth, proceeding pro se, filed a complaint. D.E. 1. Plaintiff alleges that Defendants Jason Gabbard and John Dunn III, law enforcement officers with the Newport Police Department, violated his constitutional rights under the Fourth Amendment. *Id.* at 4. According to Plaintiff, on or about February 5, 2014, the Defendants used his "cell phone, without [his] permission and without a search warrant to set up

drug deals" at the Travelodge Motel in Newport, Kentucky. *Id.* at 2-4. Plaintiff alleges that "the recklessness and misconduct of the two detectives have put [Plaintiff]…in a dangerous situation." *Id.* Plaintiff requests a jury trial and punitive damages in the amount of $350,000. *Id.* at 8.

On October 30, 2015, Defendants filed a timely motion for summary judgment and a supporting memorandum. D.E. 73. In the memorandum, Defendants argue that summary judgment is appropriate because they are entitled to qualified immunity and because plaintiff has presented no genuine issue as to any material fact. *Id.* at 4-8. Defendants included exhibits of discovery taken supporting each ground for summary judgment. D.E. 73-1, 73-2. Plaintiff filed a response November 9, 2015, opposing Defendants' motion on two grounds. D.E. 79. First, Plaintiff alleges that the discovery process is ongoing because he has yet to receive a response to a subpoena that was issued in August. *Id.* at 1. Second, Plaintiff argues that "there are ongoing disputes between both partys [sic]." *Id.* at 2. In support of these positions, Plaintiff attached a copy of the subpoena, various photographs, and a set of Defendants' answers to his interrogatories. D.E. 79-2, 79-3, 79-4. Defendants filed a reply on November 19, 2015, asserting that discovery in the case is complete, and that the factual disputes Plaintiff references are irrelevant because they were not raised in his complaint. D.E. 80.

## II. Analysis

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88

(1986). Additionally, the Court may not "weigh the evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The burden of establishing the absence of a genuine dispute initially rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (requiring the moving party to set forth "the basis for its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate an absence of a genuine issue of material fact."). If the moving party meets its burden, the nonmoving party must then "go beyond the pleadings" and produce "specific facts" showing a genuine dispute for trial. *Id.* at 324. In cases, as here, where the defendant is the moving party, "the plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial." *Anderson*, 477 U.S. at 257.

A fact is "material" if the underlying substantive law identifies the fact as an essential element. *Id.* at 248. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" dispute exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" (citation omitted)).

As previously discussed, Defendants argue that summary judgment is appropriate for two reasons. The Court will address each purported basis for summary judgment in turn.

**A. Defendants Are Entitled To Qualified Immunity**

The Court first considers Defendants' claim that they are entitled to qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Feathers v. Aey*, 319 F.3d 843, 847-48 (6th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity applies "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2080 (2011) (citing *Harlow*, 457 U.S. at 818)). The two prongs may be considered in any order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Defendants argue that they are entitled to summary judgment because Plaintiff has not satisfied his burden to show Defendants are not entitled to qualified immunity. D.E. 73 at 6. First, Defendants argue that, when considering the evidence in the light most favorable to the Plaintiff, no constitutional violation occurred. *Id.* at 6-7. Defendants argue that Plaintiff has provided no evidence to demonstrate that they used his cell phone at any point, and that the only evidence that Plaintiff presents regarding the alleged phone call is that his friend received a call from Plaintiff's cell phone. *Id.* Second, Defendants argue that, even if Plaintiff had established that a constitutional violation had occurred, he has failed to establish that the right violated was "clearly established" because the events alleged occurred on February 5, 2014, before the Supreme Court of the United States issued its decision imposing a warrant requirement for searching cell phones in *Riley v. California*, 134 S.Ct. 2473 (2014). *Id.* Plaintiff's response does not address the question of qualified immunity. *See* D.E. 79.

Here, Defendants are correct that there is no genuine issue of material fact regarding whether or not they violated Plaintiff's constitutional rights. Plaintiff has provided no evidence to support a finding that Defendants were responsible for any action that led to the violation of a constitutional or statutory right. Accordingly, Defendants are entitled to qualified immunity.

Plaintiff's complaint alleges that Defendants Gabbard and Dunn used his cell phone, without a warrant or his consent, "to set up drug deals." D.E. 1 at 2. Other than these conclusory allegations, Plaintiff has not provided any evidence to support this claim. Defendants, however, in their motion for summary judgment, provide ample evidence that there is no issue of material fact relating to their use of Plaintiff's cell phone. Defendant Gabbard, in his response to Plaintiff's interrogatories, states that, while in Defendant's room on February 5, 2014, he did not locate a cell phone. D.E. 73-1 at 2. Moreover, Gabbard states that he "did not use [Plaintiff's] cell phone" nor does he have any "knowledge of anyone using any found cell phone" in Plaintiff's room that day. *Id.* at 2-3. Finally, Gabbard states that, if he did use a cell phone in Plaintiff's room, it would have been his personal phone. *Id.* at 3. Defendant Dunn, in the same interrogatories, stated that he was not even present in Plaintiff's room on February 5, 2014, and thus has no knowledge of the alleged cell phone use. *Id.* at 4-5. Finally, both Defendants state that they do not have Plaintiff's cell phone. *Id.* at 5.

Plaintiff has no evidence to create an issue of fact as to qualified immunity. Defendants took the deposition of Plaintiff on July 7, 2014. D.E. 74. During his deposition, Plaintiff stated that he talked to an individual named "Buck" who said that he received a call from Defendant's phone around February 5, 2014. *Id.* at 17. According to Plaintiff, Buck told him that the caller "said, 'This is Timmy. I'm over at the Travelodge, stuck in the snow…I need you to bring me some type of or something over here to help me.'" *Id.* Plaintiff said that the caller was "talking

5

about some type of drug that he wanted to be brought over to the hotel room 239" and impersonated Plaintiff. *Id.* Moreover, Plaintiff stated that Buck said "he knowed [sic] it wasn't [Plaintiff]" calling him but it was from Plaintiff's cell phone number. *Id.* Plaintiff stated that he believes it was the Defendants who called Buck "because they was the ones [sic] arresting officers that had control of my cell phone in that room." *Id.* at 19. Based on this, and the fact that he believes the phone was in this room, Plaintiff stated that is the basis for his suit. *Id.*

These statements are not sufficient to reasonably conclude that Defendants used Plaintiff's cell phone at any point. Plaintiff's statements in his deposition, which were based upon second hand information from an individual whom he only knows as Buck, do not meet his burden at this stage. Even if Plaintiff had cited to this information in his response it likely would not have conformed with Rule 56. *See* Federal Rule of Civil Procedure 56(c)(2) (evidence must be "presented in a form that would be admissible in evidence"). However, even assuming that the statements from Buck are true and admissible, they do not create a material issue of fact. Buck's statements to Plaintiff do not implicate the actions of either Defendant in any way. Buck had no knowledge of who called him and had no previous dealings with either of the Defendants. *See* D.E. 54 at 19. There is simply no evidence, from these statements, that Defendants used Plaintiff's phone. Moreover, Defendant has failed to provide any evidence that establishes his phone was in his room that day, or that the named Defendants seized the phone. Therefore, the factual link between the call and any actions by Defendants is lacking.

Further, the evidence Plaintiff attached to his response does not support his allegations that Defendants used his phone. Plaintiff attached a series of photographs depicting various items. One photograph is what appears to be a T-Mobile box of some kind, two others are of a sim card and its case. D.E. 79-4 at 2-4. Plaintiff provides no explanation for how these

6

photographs implicate Defendants in the use of his cell phone. He states that Defendants "conveniently can't remember takin [sic]" the pictures, but such a suggestion does not create any genuine issue of material fact.

Finally, Defendant attached two photographs, one is of alleged drug "paraphanalia [sic]," and the other does not clearly show anything at all. *Id.* at 1, 7. Plaintiff alleges these photos depict items that were not "logged into Evidence[.]" D.E. 79-4 at 1, 7. Plaintiff alleges that "[b]y the act of the defendants removing items without logging them into evidence from plaintiff's room shows compelling evidence and makes this complaint hold merit." D.E. 79 at 2. Plaintiff states that Defendants took this action because it "could have lead back to using [his] cell phone." *Id.* Plaintiff does not provide any evidence log or documentation to prove his allegations.

These allegations, even if true, would not sufficiently connect Defendants to the use of Plaintiff's cell phone to allow a rational trier of fact to find for Plaintiff. Both Defendants, in interrogatories provided by Plaintiff, indicate that they did not remove any evidence from the room without logging it into evidence. D.E. 79-4 at 5. This includes any alleged drug paraphernalia. *Id.* at 6. Therefore, it is unclear how either of these photographs, support Plaintiff's claim.

It is apparent from the briefing and the evidence provided that there is no genuine issue of material fact that would link Defendants to the use of Plaintiff's cell phone. The only basis for Plaintiff's claim is a hearsay statement from an individual he knew as Buck. Even if the statement from Buck was accepted as true, it does not in any way link the phone call he received to Defendants. The only link between Defendants and the phone call that Buck received is Plaintiff's conclusory allegations. Defendants' responses to Plaintiff's interrogatories indicate

7

that Defendant Dunn was not even in Plaintiff's room that day, and that Defendant Gabbard neither used nor located Plaintiff's phone. D.E. 73-1. Furthermore, the photographs provided by Plaintiff do not, when looked at in the light most favorable to Plaintiff, provide any link between Defendants and Plaintiff's phone.

Thus, Plaintiff has failed to present any evidence, beyond his conclusory allegations, to create an issue of fact as to whether the Defendants violated a statutory or constitutional right. Therefore, Defendants are entitled to qualified immunity as Plaintiff has failed to satisfy the first prong of the qualified immunity analysis. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2080 (2011).

**B. There Is No Genuine Issue Of Material Fact That Would Entitle Plaintiff To Relief On Any Constitutional Theory**

Defendants' second argument for summary judgment is that, based on the evidence, there is no genuine issue of material fact and they are entitled to judgement as a matter of law. D.E. 73 at 5. Defendants again assert that Plaintiff has not presented any evidence that would link them to any phone call made from Plaintiff's cellphone. *Id.* Plaintiff responds that "there are on going disputes between both partys [sic]." D.E. 79 at 2. Plaintiff argues that the Defendants have failed to explain "what happened to drug paraphernalia that they admit to taking a picture of" and that Defendants failed to log "tangible items/evidence that the defendants removed from" his room. *Id.* Plaintiff alleges that Defendants "destroyed [his] cell phone and removed the drug paraphernalia and concealed its where-abouts [sic] because their actions could have lead back to using [his] cell phone." *Id.*

To state a viable claim under 42 U.S.C. § 1983, a Plaintiff must "allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." *Harbin-Bey v. Rutter*,

8

420 F.3d 571, 575 (6th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "A plaintiff alleging a wrongful search in violation of the Fourth Amendment must demonstrate that defendants failed to observe the applicable requirements for probable cause and a warrant and that plaintiff had a legitimate expectation of privacy in the place of thing searched." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 464 (N.D. Ohio 2012) (citing *United States v. Barry*, 673 F.2d 912, 916-17 (6th Cir. 1982)).

Assuming arguendo that Defendants are not entitled to qualified immunity, Defendants are still entitled to summary judgment. As analyzed above, there is no genuine issue as to any material fact regarding whether Defendants used Plaintiff's phone. Drawing all reasonable inferences from the underlying facts and construing the evidence in favor of Plaintiff, he has simply not provided any evidence that links Defendants to the alleged use of his cell phone. His response is filled with conclusory allegations and statements that bear little relevance to the question at issue. Plaintiff cannot rest upon his pleadings but must show specific fact issues for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Here, Plaintiff has failed to do so. Accordingly, the Court finds that the record taken as a whole could not lead a rational trier of fact to find for the Plaintiff and conclude that Defendants used his telephone in violation of the Fourth Amendment. Summary judgment is appropriate.

**C. Discovery Has Concluded**

Finally, the Court addresses Plaintiff's claim that discovery is ongoing. Plaintiff states that the Court granted his motion for a subpoena on August 17, 2015, and he has not received a response which means "the discovery process is still ongoing." D.E. 79 at 1. On May 1, 2015, the Court entered a scheduling order that provided that the "parties shall complete all pretrial discovery on or before August 31, 2015." D.E. 16. Thus, the discovery deadline has passed.

9

Plaintiff has not filed a motion to extend this deadline. Further, Plaintiff has failed to conform to Federal Rule of Civil Procedure 56(d), which provides that, at the summary judgment phase, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" the court may defer considering the motion or deny it, allow nonmovant time to take discovery, or issue any other appropriate order. Plaintiff has not provided an affidavit or declaration to comply with the Rule. Accordingly, this is not a basis for denying Defendants' motion.

### III.  RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the District Judge **GRANT** Defendants' motion for summary judgment (D.E. 73). The Court directs the parties to 28 U.S.C. § 636(b)(1) and Rule 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Failure to make timely objection, properly raised, consistent with the statute and Rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

This the 28th day of December, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge